## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JEMAINE MONTEIL CANNON,** | ) |
| | ) |
| **Petitioner** | ) |
| | ) |
| vs. | )  No. 99-CV-297-TCK-PJC |
| | ) |
| | ) |
| **ANITA TRAMMELL, Warden,**[1] | ) |
| | ) |
| **Respondent.** | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action, filed by death row inmate Jemaine Cannon, and remanded by the Tenth Circuit Court of Appeals. Cannon v. Mullin, 383 F.3d 1152 (10th Cir. 2004). The Court has for consideration the second Report and Recommendation (R&R) of United States Magistrate Judge Paul Cleary (Dkt. # 300), entered on January 15, 2013. Judge Cleary recommends that the petition for writ of habeas corpus be denied. Petitioner filed his objections to the R&R on March 21, 2013 (Dkt. # 305). Respondent did not file a response to the objections.

In accordance with Rule 8(b) of the Rules Governing Section 2254 Cases and 28 U.S.C. § 636(b)(1)(C), the Court has reviewed *de novo* those portions of the R&R to which Petitioner has objected, and concludes that, for the reasons discussed below, the R&R should be accepted over Petitioner's objections. The petition for writ of habeas corpus shall be denied.

---

[1] Anita Trammel is no longer the "Interim Warden" of Oklahoma State Penitentiary. She was appointed Warden on February 28, 2013. Therefore, the Court Clerk shall substitute Anita Trammell, Warden, in place of Anita Trammell, Interim Warden, as party Respondent. See Fed. R. Civ. P. 25(d).

## BACKGROUND

Petitioner initiated the instant habeas corpus action on April 22, 1999. By Order entered December 9, 2002 (Dkt. # 81), this Court denied Petitioner's request for a writ of habeas corpus. Petitioner appealed to the Tenth Circuit Court of Appeals. The appellate court affirmed the decision of this Court to deny habeas corpus relief, with the exception of three (3) ineffective assistance of counsel issues: (1) ineffective assistance of trial counsel for failure to notify the trial court of alleged improper contacts between prosecution witnesses and jurors during trial recesses; (2) ineffective assistance of trial counsel for preventing Mr. Cannon from testifying in his own behalf at trial; and (3) ineffective assistance of appellate counsel for failing to raise the above ineffective assistance of trial counsel claims on direct appeal. Cannon, 383 F.3d 1152. The appellate court did not direct this Court to grant relief on these issues, but gave instructions for further review in the manner this Court determined to be most effective.[2] Id. at 1178. By Order entered January 13, 2005 (Dkt. # 108), this Court determined that the best method for conducting its mandated review would be to address certain issues in phases.

*Phase I*

It was determined that the first review phase (Phase I) was limited to consideration of whether Petitioner's appellate counsel and trial counsel were "separate" under the standards delineated in Kimmelman v. Morrison, 477 U.S. 365 (1986), and English v. Cody, 146 F. 3d 1257

---

[2] The Circuit Court noted that resolution of the two ineffective assistance of trial counsel claims "may moot the ineffective-appellate-counsel claims if the district court resolves the trial-counsel claims on the merits (either denying relief because they do not have merit or granting relief because they do)." Cannon, 383 F.3d at 1178.

2

(10th Cir. 1998).[3] The evidentiary hearing on Phase I was conducted on June 14-16, 2006. See Dkt. ## 174-176. Additional briefing was provided by the parties following the hearing (Dkt. ## 187, 189). In a thorough R&R, Judge Cleary recommended a finding by the District Court that, for purposes of procedural bar analysis, Petitioner's trial and appellate counsel were not "separate." See Dkt. # 204 at 44. By Order entered December 6, 2007, this Court adopted and affirmed Judge Cleary's R&R (Dkt. # 209). Because trial and appellate counsel were not separate, the ineffective assistance of trial counsel claims were not procedurally barred. Thus, the Court proceeded to consider the ineffective assistance of trial counsel claims.

*Phase II*

Upon conclusion of the Phase I review, the parties were ordered to submit briefs addressing Petitioner's diligence in pursuing an evidentiary hearing on the issue of whether his trial attorney was ineffective for failing to inform the trial court of improper juror contact[4] (Phase II). See Dkt. # 209 at 9. The parties complied (Dkt. ## 216, 218, 221). By Order entered March 18, 2011, the Court found that Petitioner was not diligent in developing facts underlying his juror contact claim, and was not entitled to an evidentiary hearing on the ineffective assistance of counsel claim related to alleged improper juror contact. See Dkt. # 222 at 12. Noting that Petitioner's allegations regarding improper juror contact, as set forth in his January 27, 1999, affidavit submitted to the OCCA as part

---

[3] The Circuit advised that, on the record before that Court, it would have to conclude that trial and appellate counsel were not "separate" within the meaning of the word as determined in English. However, "[o]n remand, the district court may grant the State an evidentiary hearing that could establish otherwise." Cannon, 383 F.3d at 1174.

[4] As part of its Order remanding this matter, the Circuit Court directed this Court to address whether Petitioner was diligent in trying to develop the facts underlying his juror-contact claim. Cannon, 383 F.3d at 1177.

3

of his post-conviction proceeding, contain no first-hand knowledge and are all hearsay, the Tenth Circuit advised this Court that: "[w]hether Mr. Cannon has a meritorious claim will depend, however, on whether he is entitled to an evidentiary hearing on this claim and whether such hearing elicits persuasive evidence supporting his assertions." Cannon, 383 F.3d at 1170, 1177. Having determined that Petitioner is not entitled to an evidentiary hearing in Phase II, the Court concludes that Petitioner's ineffective assistance of counsel claim relating to alleged improper juror contact lacks merit.

*Phase III*

The final remaining issue for consideration on remand is whether trial counsel was ineffective for allegedly preventing Petitioner from testifying in his own behalf at trial (Phase III). The matter was referred to Magistrate Judge Cleary for the purpose of holding an evidentiary hearing on this issue (Dkt. # 222). The evidentiary hearing was held July 9-11, 2012. See Dkt. ##281, 282, 283. The parties each filed Proposed Findings of Fact and Conclusions of Law (Dkt. ## 292, 293). Judge Cleary filed his R&R on January 15, 2013 (Dkt. # 300). In the R&R, Judge Cleary recommends a finding by the District Court that Petitioner's petition for habeas corpus relief based on his allegation that he was denied the right to testify at his 1996 trial be denied (Id. at 51). Petitioner objects to the R&R in its entirety (Dkt. # 305).

***DISCUSSION***

Judge Cleary provided a thorough summary of the factual and procedural background of this case in his R&R. That summary is hereby adopted by reference. In brief, Petitioner was convicted by a jury in Tulsa County District Court of Murder in the First Degree, in Case No. CF-95-727. He was represented at trial by attorneys Sid Conway and Julie O'Connell from the Tulsa Public

Defenders Office. At the conclusion of the sentencing stage of the trial, the jury found the existence of four aggravating circumstances and recommended a death sentence as punishment for the murder. The trial court sentenced Petitioner accordingly.

Following unsuccessful direct appeal and post-conviction proceedings in state court, Petitioner filed his petition for writ of habeas corpus in this Court. The issues under consideration in this Order are the final issues pending in this habeas proceeding.

**1.     Governing law**

Petitioner acknowledges that his constitutional claim that he was denied the effective assistance of counsel when he was not allowed to testify at his 1996 trial is governed by the principles of Strickland v. Washington, 466 U.S. 668 (1984). To be entitled to habeas corpus relief on this claim, Petitioner must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). Petitioner can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, Petitioner must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). A federal habeas court may intercede only if the petitioner can overcome the "doubly deferential" hurdle resulting from application of the standards imposed by § 2254(d) and Strickland. Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011). If Petitioner is unable to show either "deficient performance" or "sufficient prejudice," his claim of ineffective assistance fails. Strickland, 466 U.S. at 700. Thus, it is not always necessary to address both Strickland prongs.

In Petitioner's case, out of an abundance of caution, Judge Cleary addressed both prongs of the Strickland standard, and concluded that Petitioner did not show that his counsel's performance was deficient or that he was prejudiced.[5]

## 2. Objections to deficient performance prong[6]

First, Petitioner asserts that Judge Cleary erred in concluding that trial counsel's performance was not deficient under Strickland. In challenging Judge Cleary's finding that trial counsel did not refuse to allow Petitioner to testify, Petitioner appears to place the burden on Respondent to establish that Petitioner's attorney advised him of his right to testify and did not prevent him from testifying

---

[5] The Tenth Circuit stated that if Petitioner's allegations about trial counsel depriving him of his right to testify were found to be true, then "such dereliction of duty by counsel would satisfy the first prong of *Strickland*." Cannon, 383 F.3d at 1171. However, the Circuit Court went on to say that "the issue of prejudice is of sufficient doubt that it should not be resolved in the first instance by this court." Thus, the District Court was ordered "to resolve factual disputes regarding whether Mr. Cannon's attorney actually prevented him from testifying and, if so, whether Mr. Cannon suffered the requisite prejudice." Id. at 1172.

[6] Because this claim involves Petitioner's assertion that his trial counsel's performance was constitutionally deficient because the attorney denied him his right to testify at trial, Judge Cleary has referred to the first prong as the "Denial Prong." See Dkt. # 300 at 5.

in his own defense. See Dkt. # 305 at 13. The burden of showing that trial counsel refused to allow him to testify, however, is on Petitioner. See Strickland, 466 U.S. at 687 ("the defendant must show" that counsel was deficient).

Petitioner criticizes the R&R conclusions that (1) Petitioner's testimony was not credible, and (2) the attorneys' testimony, concerning their customary practice to advise clients of their right to testify and to never prevent a client from testifying if that is what he or she wanted to do, was credible. See Dkt. # 305 at 7-8. Faced with conflicting testimony, Judge Cleary made credibility determinations in accord with his role of fact-finder. See Heizer v. Shepherd, 236 Fed. Appx. 366, 371 (10th Cir. 2007) (unpublished).[7] His credibility findings are entitled to deference. See United States v. Benoit, 274 Fed. Appx. 689, 692 (10th Cir. 2008) (unpublished). The Magistrate Judge had the opportunity to observe the witnesses while testifying and note their demeanor on the witness stand. See e.g., Nat'l Refining Co. v. Wagner, 169 F.2d 43, 45 (10th Cir. 1948). He concluded that Petitioner's account of events was less credible than that of the trial attorneys. In addition to the testimony of witnesses, Judge Cleary considered written evidence supplied by the parties, including, but not necessarily limited to, a 1998 letter from trial attorney Julia O'Connell to Petitioner, in which she specifically stated, "I cannot swear out an affidavit claiming I would not let you testify, because I never told you that you couldn't testify and I don't recall you informing me you wanted to testify." See Dkt. # 218, Ex. 4. Upon *de novo* review of the evidentiary hearing record and the R&R in light of Petitioner's objections, the Court finds that Petitioner's arguments concerning the alleged deficient performance of counsel are without merit. Accordingly, the Court accepts the Magistrate's

---

[7] This unpublished opinion, and others, are cited for persuasive value. See 10th Cir. R. 32.1(A).

conclusion that Petitioner has not demonstrated that trial counsel performed deficiently as required by Strickland.

**3.    Objections to prejudice prong**

As the second part of his objections to the R&R, Petitioner first asserts that Judge Cleary applied the incorrect standard in concluding that Petitioner was not prejudiced. See Dkt. # 305 at 67. Judge Cleary correctly stated that the second prong of Strickland requires a showing that counsel's error were so serious that Cannon was deprived of a fair trial - "a trial whose result is reliable." See R&R (Dkt. # 300 at 41) (quoting Strickland, 466 U.S. at 687). Citing both Strickland and Harrington v. Richter, 131 S.Ct 770, 787 (2011), Judge Cleary noted that Petitioner must establish a reasonable probability that, but for counsel's errors, there would have been a different result. Further, the likelihood of a different result must be substantial. (Dkt. # 300 at 41). Questioning the language in the Harrington decision, Petitioner contends that the Strickland standard does not require a "substantial" likelihood of a different result. See Dkt. # 305 at 68. Although Petitioner is correct that Strickland does not contain the exact words attributed to it by the Harrington decision, it is not uncommon for a Supreme Court case to fine-tune a previous decision from the Court. The Harrington Court simply provided an expanded explanation of the prejudice component of the Strickland standard, and Judge Cleary was not wrong in citing the Harrington language.

Petitioner urges this Court to believe that, if he had testified at trial, at least one juror would have concluded that he acted in self defense in taking the life of his victim. Judge Cleary, however, found that Petitioner's testimony was not credible and concluded that his testimony would not have made a difference in the jury's decision to find him guilty of First Degree Murder. Upon careful

review of the trial transcript and evidence presented at the evidentiary hearing, this Court agrees. On cross-examination, the State undoubtedly would have used Petitioner's prior conviction for Assault and Battery With Intent to Kill to impeach his testimony at trial. This Court cannot find that "the jury's view would have been changed by hearing Mr. Cannon's live testimony, particularly in light of what could have been elicited on cross-examination." Cannon, 383 F.3d at 1171-72. After reviewing the record and R&R in light of Petitioner's objections, the Court finds that Petitioner's arguments are without merit.  Accordingly, the Court accepts the Magistrate's conclusion that Petitioner has not demonstrated prejudice as required by Strickland.

**4.     Ineffective assistance of appellate counsel**

Finally, the Court concludes that appellate counsel was not ineffective for failing to raise ineffective assistance of trial counsel claims related to Petitioner's claims of improper juror contact and that he was not allowed to testify. When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). "If the omitted issue is so plainly meritorious that it would have been unreasonable to winnow it out even from an otherwise strong appeal, its omission may directly establish deficient performance; if the omitted issue has merit but is not so compelling, the case for deficient performance is more complicated, requiring an assessment of the issue relative to the rest of the appeal, and deferential consideration must be given to any professional judgment involved in its omission; of course, if the issue is meritless, its omission will not constitute deficient performance." Cargle v. Mullin, 317 F.3d 1196, 1202 (10th Cir. 2003) (citation and footnote omitted); see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998) (citation omitted). Having found the ineffective assistance of trial

counsel claims meritless, the ineffective assistance of appellate counsel claim is, likewise, without merit. Cannon, 383 F.3d at 1178.

**4. Certificate of Appealability**

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court recognizes that "review of a death sentence is among the most serious examinations any court of law ever undertakes." Brecheen v. Reynolds. 41 F.3d 1343, 1370 (10th Cir. 1994). To be granted a certificate of appealability, however, Petitioner must demonstrate a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists of reason or that the questions deserve further proceedings. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). "Obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor." Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983) (citations omitted).

The Court reviewed each of the remanded issues, and found that Petitioner was not denied the effective assistance of either trial or appellate counsel. However, the Court recognizes that these issues relate to the alleged deprivation of one of his constitutional rights, which, if substantiated, could entitle him to habeas relief. In order to ensure that these issues receive the type of review on appeal which should be accorded such serious matters, the Court finds that the remanded issues could be debated among jurists or could be resolved differently by another court. Additionally, this Court finds that these same issues are adequate to deserve encouragement to proceed further. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citing Barefoot, 463 U.S. at 893).

*CONCLUSION*

The Court has reviewed *de novo* those portions of the R&R to which the Petitioner has objected, see Rule 8(b), Rules Governing Section 2254 Cases, and 28 U.S.C. § 636(b)(1)(C), and concludes that the R&R of the United States Magistrate Judge (Dkt. # 300) should be accepted. Petitioner's objections are overruled. Petitioner's trial counsel did not provide ineffective assistance in violation of the Sixth Amendment. Appellate counsel was not ineffective for failing to raise these ineffective assistance of counsel claims on direct appeal. As a result, the petition for writ of habeas corpus shall be denied as to the issues remanded from the Tenth Circuit Court of Appeals.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The **Court Clerk is directed** to substitute Anita Trammell, Warden as Respondent.

2. The Report and Recommendation of the United States Magistrate Judge (Dkt. # 300) is **accepted.**

3. This is a final order, and all requests for relief contained in the petition for writ of habeas corpus (Dkt. ## 10, 13) are **denied**.

4. A separate judgment shall be entered in this matter.

5. A Certificate of Appealability is **granted** as to the issues remanded to the Court and rejected.

**DATED** this 30th day of April, 2013.

**TERENCE KERN**
**United States District Judge**