IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEMAINE MONTEIL CANNON, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> CHRISTE QUICK, ) <br> ) <br> Respondent. ) | <br><br><br><br> Case No. 99-CV-297-TCK-SH <br> CAPITAL CASE <br> EXECUTION SET: JULY 20, 2023 |

**OPINION AND ORDER**

Petitioner Jemaine Monteil Cannon, an Oklahoma prisoner presently incarcerated at the Oklahoma State Penitentiary (OSP), in McAlester, Oklahoma, is scheduled to be executed by the State of Oklahoma on July 20, 2023, at 10:00 a.m. This matter is before the Court on Cannon's Application for a Writ of Habeas Corpus Pursuant to [28] U.S.C. §§ 2254 and 2241 filed July 14, 2023 ("habeas application") (Dkt. 385) and Cannon's Motion to Stay Proceedings filed July 14, 2023 (Dkt. 386). Respondent filed a Motion to Dismiss Petition for Writ of Habeas Corpus as Second or Successive (Dkt. 387), along with a supporting brief (Dkt. 388), and an Objection to Petitioner's Motion for Stay of Execution (Dkt. 389) on July 17, 2023. As directed by the Court, Cannon's counsel filed a Response to the Motion to Dismiss (Dkt. 394) and a Reply to the Objection (Dkt. 393) on July 18, 2023, and Respondent filed a Reply to the Response to the Motion to Dismiss (Dkt. 397) that same day.

I.

Through his habeas application, Cannon challenges the lawfulness of his continued custody, under the judgment and sentence entered against him in Tulsa County District Court Case

No. CF-1995-727. Dkt. 385, at 32.[1] Specifically, he claims that the Oklahoma Court of Criminal Appeals (OCCA) erroneously denied his "third pro se application for capital post-conviction relief and related motion for evidentiary hearing, in Case No. PCD-2023-511." Dkt. 385, at 2. In support of his request for federal habeas relief, Cannon reasserts the same five claims he presented to the OCCA: (1) the State of Oklahoma lacked jurisdiction to prosecute him for committing first-degree murder in Indian country because he is Indian ("jurisdiction claim"); (2) the State "provided [Cannon] with court appointed conflicted trial and appellate counsel which prevented [Cannon's] jurisdiction claim from being raised before his conviction became final"; (3) the OCCA committed "Due Process, Equal Protection and U.S. Constitutional Amendment violations" by applying *State ex rel. Matloff v. Wallace*, 497 P.3d 686, 689 (Okla. Crim. App. 2021), *cert. denied sub nom. Parish v. Oklahoma*, 142 S. Ct. 757 (2022) ("*Wallace*"), to deny Cannon's jurisdiction claim as it was asserted in an application for postconviction relief Cannon filed in September 2020; (4) the "OCCA violated the Ex post Facto Clause" by applying *Wallace* to deny Cannon's jurisdiction claim as it was asserted in the application for postconviction relief Cannon filed in September 2020; and (5) the OCCA violated a "preexisting, longstanding rule" established by state law "that subject matter jurisdiction can never be waived or forfeited" by "impermissibly imposing a condition for vacating a judgment void on its face,"—namely, the condition that the finality of a conviction precludes relief from the void judgment as held in *Wallace*. Dkt. 385, at 11-30, 32-39. Through his motion to stay, Cannon asks this Court to enter an order staying his execution pending a ruling on his habeas application. Dkt. 386, at 3.

---

[1] For consistency, the Court's citations refer to the CM/ECF header pagination.

## II.

Respondent Christe Quick moves to dismiss Cannon's habeas application, asserting that this Court lacks jurisdiction to adjudicate the habeas application because Cannon did not seek authorization from the United States Court of Appeals for the Tenth Circuit to file a second or successive habeas application, as required by 28 U.S.C. § 2244(b)(3)(A). Dkts. 387, 388, 397. Cannon contends he was not required to obtain authorization because § 2244(b)'s requirements apply only to habeas applications seeking relief under 28 U.S.C. § 2254, and his application seeks relief under 28 U.S.C. § 2241. Dkt. 394.

Having carefully considered the parties' arguments, the Court agrees with Respondent that Cannon's habeas application seeks relief under § 2254, not § 2241. Dkt. 388, at 17-19. In claim one, Cannon directly challenges the validity of his judgment and sentence based on an alleged lack of jurisdiction in the trial court. In claim two, Cannon either directly challenges his judgment and sentence based on an alleged violation of his Sixth Amendment right to the effective assistance of trial and appellate counsel or asserts that no procedural bars should preclude relief as to the jurisdiction claim because his failure to raise the jurisdiction claim before his conviction became final rests on the alleged Sixth Amendment violation. Both claims are most reasonably construed as seeking relief under § 2254. *See Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) (explaining that "§ 2241 is a vehicle for challenging pretrial detention" "or for attacking the execution of a sentence," whereas § 2254 "is the proper avenue for attacking the validity of a conviction and sentence," and stating that the petitioner's "claim that the state court lacked jurisdiction over him is an attack on his conviction and sentence"). In his remaining claims, claims three through five, Cannon alleges constitutional errors arising from the OCCA's decision

3

to deny Cannon's request for postconviction relief as to the jurisdiction claim Cannon raised in the application for postconviction relief he filed in September 2020. Dkt. 385, at 23-30. As Respondent contends, these claims do not present cognizable habeas claims because they allege that constitutional errors occurred during state postconviction proceedings. *See Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (discussing petitioner's claim that the OCCA erroneously applied a state procedural rule barring successive postconviction claims to determine that he waived an actual-innocence claim based on newly discovered evidence and concluding, in part, that "because the constitutional error Sellers raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim."); *Kirby v. Dutton*, 794 F.2d 245, 246-47 (6th Cir. 1986) (describing state prisoner's claims as alleging "a denial of the sixth amendment right to effective assistance of counsel" in postconviction proceedings and a denial of due process and equal protection based on the state court's refusal to provide substitute postconviction counsel; describing these claims as "unrelated to his detention," concluding prisoner did not state cognizable habeas claims, and reasoning "that the writ is not the proper means by which prisoners should challenge errors or deficiencies in state post-conviction proceedings such as Kirby claims here because the claims address collateral matters and not the underlying state conviction giving rise to the prisoner's incarceration"). Thus, claims three through five do not properly seek federal habeas relief. Moreover, some of Cannon's arguments in support of all five claims could be construed as improperly asking this Court to exercise appellate review over the OCCA's July 5, 2023, decision. *See Goetz v. Hand*, 195 F. Supp. 194, 196 (D. Kan. 1960) ("It is not a function of this court when presented with petitions for the writ of habeas corpus to act as a super-appellate reviewer of the

decisions of the state"). Based on the foregoing, the Court construes Cannon's application as one seeking relief under § 2254.[2]

The Court further agrees with Respondent that the habeas application is an unauthorized second or successive habeas application subject to § 2244(b)'s requirements. Dkt. 388, at 19-21. The Antiterrorism and Effective Death Penalty Act instituted a "gate-keeping mechanism for the consideration of second or successive habeas corpus applications in federal courts." *Case v. Hatch*, 731 F.3d 1015, 1026 (10th Cir. 2013). Under § 2244(b)(3)(A), a petitioner must obtain authorization from the appropriate court of appeals before filing a second or successive habeas application in district court. If the petitioner does not obtain the requisite authorization, the district court does not have jurisdiction to adjudicate any claims raised in the second or successive petition. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (*per curiam*). The record in this case establishes that Cannon first sought federal habeas relief from the judgment and sentence entered against him in Tulsa County District Court Case No. CF-1995-797 through the habeas application he filed in August 1999. Dkt. 10; *see also* Dkt. 388, at 12-14 (discussing procedural history). This Court denied that application in December 2002. *Cannon v. Mullin*, No. 99-CV-297 H(M), 2002 WL 35630319 (N.D. Okla. Dec. 9, 2002) (unpublished). The United States Court of

---

[2] To support his contention that he seeks relief under § 2241, Cannon asserts that his circumstances are like the circumstances faced by the petitioner in *Graham v. White*, Case No. 23-CV-0164-CVE-SH, 2023 WL 4141662 (N.D. Okla. June 22, 2023). Dkt. 385, at 8; Dkt. 394, at 2-3. Critically, though, unlike the petitioner in that case, Cannon was not granted postconviction relief as to his jurisdiction claim, did not have the judgment and sentence he seeks to challenge through the habeas application vacated, did not have his underlying charges dismissed, was not released from custody, did not have his previously vacated judgment and sentence reinstated, and was not remanded to custody based on the reinstated judgment and sentence. *See Graham*, 2023 WL 4141662, at *1-12 (discussing unique procedural facts presented in *Graham*). As Respondent states, "*Graham* bears no resemblance, legally or factually, to this case." Dkt. 397, at 4.

Appeals for the Tenth Circuit affirmed in part, reversed in part, and remanded the case to this Court for further proceedings. *Cannon v. Mullin*, 383 F.3d 1152 (10th Cir. 2004), *cert. denied* 544 U.S. 928 (2005). This Court ultimately denied Cannon's application as to his remaining claims, the Tenth Circuit affirmed that decision, and the Supreme Court denied Cannon's petition for writ of certiorari. *Cannon v. Trammell*, 796 F.3d 1256 (10th Cir. 2015), *cert. denied sub nom. Cannon v. Duckworth*, 579 U.S. 932 (2016). Nothing in the record demonstrates that Cannon sought or obtained authorization from the United States Court of Appeals for the Tenth Circuit before filing the instant habeas application in this Court. When a petitioner fails to comply with this requirement, this Court may either dismiss the habeas application, without prejudice, for lack of jurisdiction or transfer the habeas application to the United States Court of Appeals for the Tenth Circuit for authorization in the interest of justice pursuant to 28 U.S.C. § 1631. *Cline*, 531 F.3d at 1252. Respondent argues, in part, that dismissal is more appropriate because Cannon's claims are untimely. Dkt. 388, at 30-33. Respondent may be correct. Nevertheless, given the urgency of Cannon's request for habeas relief, this Court finds, contrary to Respondent's position, that it would best serve the interests of justice to transfer Cannon's habeas application to the United States Court of Appeals for the Tenth Circuit for authorization. Based on this transfer, the Court denies Cannon's motion to stay, without prejudice to refiling if Cannon obtains authorization to file a second or successive habeas application.

### III.

**IT IS THEREFORE ORDERED** that Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Second or Successive (Dkt. 387) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Cannon's Application for a Writ of Habeas Corpus Pursuant to [28] U.S.C. §§ 2254 and 2241 filed July 14, 2023 ("habeas application") (Dkt. 385) is construed as an unauthorized second or successive habeas application seeking relief under 28 U.S.C. § 2254 and is **TRANSFERRED** to the United States Court of Appeals for the Tenth Circuit for authorization.

**IT IS FURTHER ORDERED** that Cannon's Motion to Stay Proceedings filed July 14, 2023 (Dkt. 386) is **DENIED** without prejudice to refiling if Cannon obtains authorization to file a second or successive habeas application.

**IT IS FURTHER ORDERED** that a copy of this Opinion and Order shall be sent to Mr. Cannon through the Oklahoma State Penitentiary via email to the OSP's Warden at christe.quick@doc.ok.gov.

**DATED** this 19th day of July 2023.

TERENCE C. KERN
United States District Judge